## DANIEL A. MORAN, RESPONDENT, *v.* LONG ISLAND CITY, APPELLANT.

*Practice — a municipal corporation is not a " domestic" corporation within section 1778 of the Code of Civil Procedure.*

The municipal corporations of this State are not " domestic " corporations thereof within the meaning of that term as used in section 1778 of the Code of Civil Procedure, providing that " in an action against a foreign or domestic corporation to recover damages for the non-payment of a promissory note, or other evidence of debt for the absolute payment of money upon demand or at a particular time, * * * unless the defendant serves with a copy of his answer or demurrer, a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment as in case of default."

APPEAL from an order made at Special Term, denying a motion to set aside a judgment in favor of the plaintiff.

*A. T. Payne*, for the appellant.

*Abbett & Fuller*, for the respondent.

DAVIS, P. J.:

This action was brought to recover against Long Island City the amount due upon certain coupons attached to bonds given by the city. Before the time to answer or demur had expired the time was extended twenty days by the plaintiff's attorneys, and within that period the defendant served a verified answer to the complaint. The answer was returned with notice and judgment entered by default, under the provisions of section 1778 of the Code, which provide that, " in an action against a foreign or domestic corporation to recover damages for the non-payment of a promissory note or other evidence of debt for the absolute payment of money upon demand or at a particular time  *  *  *  unless the defendant serves with a copy of his answer or demurrer a copy of an order of a judge directing that the issues presented by the pleadings be tried, the plaintiff may take judgment as in case of default in pleading at the expiration of twenty days after service of a copy of the complaint."

The point presented by this appeal is whether or not Long Island City is a domestic corporation within the meaning of that section. The respondents rely upon paragraph 18 of section 3343 of the Code, which defines a domestic corporation to be a corporation created by or under the laws of the State. Long Island City existed as a corporation under the act to revise its charter passed in 1871. (Laws of 1871, chap. 461.) The definition of the term " domestic corporation," as given by paragraph 18 of section 3343 of the Code, is undoubtedly broad enough to embrace such a corporation as the defendant, if construed literally and strictly. But we are of opinion that it was not the intention of the legislature to include the municipal corporations of the State within that definition, in such form as to prevent them from defending any action brought against them without obtaining an order of a judge of the court, and serving the same with the answer or demurrer, directing a trial of the issue presented.

The municipal corporations of cities and towns of the State are a part of the State government. They are not moneyed corporations within the signification of that term as used by the Revised Statutes ; and the intention of the legislature by the use of the phrase " domestic corporations " in section 1778 of the Code, was to include

only a class of corporations, distinguished from municipal corporations, and organized for the purpose of carrying on business wholly different in their nature and character from the governmental powers with which municipal corporations are clothed. Such corporations are in no sense representatives of the body politic or the people. They affect only private interests and to a certain extent they have always been subjected to different rules in respect of money indebtedness from those applicable to municipal bodies.

We think the several sections of the Code should be so construed as not to embrace corporations of the character of the defendant, and for that reason we are of opinion that the order appealed from should be reversed and the motion to set aside the judgment granted.

BRADY and DANIELS, JJ., concurred.

Order reversed and motion to set aside judgment granted, without costs.